HOWARD M. PRIVETTE (State Bar No. 137216)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705
Email:  howardprivette@paulhastings.com

Attorneys for Defendant
STUART H. WOLFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re HOMESTORE.COM, INC. SECURITIES LITIGATION | Case No. CV 01-11115 RSWL(CWx) |
|---|---|
| | **DEFENDANT WOLFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE OF PLEA AGREEMENT AND TO PREVENT REFERENCES TO THE SAME;** |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** |
| | **[Declaration of Howard M. Privette and Exhibit filed concurrently herewith]** |
| This Document Relates To: ALL ACTIONS. | Ctrm:  21 The Honorable Ronald S.W. Lew |
| | Trial:  January 25, 2011 |

WOLFF'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE PLEA AGREEMENT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that as soon as counsel may be heard by the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, Defendant Stuart H. Wolff ("Mr. Wolff") will and hereby does move the Court *in limine* for an order precluding the admission of evidence at trial regarding Mr. Wolff's plea agreement in a related criminal case, including all orders, judgments, papers and transcripts related thereto, and further precluding the presentation of argument, testimony and/or exhibits referring, summarizing or relating to the same.

This Motion is made pursuant to Federal Rules of Evidence 401, 402, and 403 on the grounds that a charge of conspiracy is not relevant to a private civil claim under the federal securities laws and, in any event, any probative value of the plea agreement, if any, is substantially outweighed by the probability that its admission will create substantial danger of undue prejudice or of misleading the jury.

This Motion is made following the conference of counsel pursuant to Central District Court Local Rule 7-3, which took place on January 6, 2011.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the Declaration of Howard Privette with its supporting exhibits; all other pleadings on file herein; and such further oral or written argument or evidence as may be presented at or before the hearing of this Motion.

DATED:  January 13, 2011   PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: _____/s/ Howard M. Privette_____
Howard M. Privette
Attorneys for Defendant STUART H. WOLFF

- 1 -

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendant Stuart H. Wolff ("Mr. Wolff") respectfully moves this Court for an order *in limine* precluding the admission of evidence at trial of Mr. Wolff's plea agreement in a related criminal case, as well as all orders, judgments, papers and transcripts related thereto,[1] and further precluding the presentation of argument, testimony and/or exhibits referring, summarizing or relating to the same.

## I.
## INTRODUCTION

Federal Rule of Evidence 403 provides that even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  In this case, any reference to Mr. Wolff's plea agreement would be unfairly prejudicial, as it allows Plaintiff to improperly conflate the charge encompassed by the agreement (conspiracy under 18 U.S.C. § 371) with Plaintiff's burden to show that Mr. Wolff himself committed a primary civil violation of securities laws, 15 U.S.C. § 78j(b).

Starting with the Supreme Court's decision in <u>Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N. A.</u>, 511 U.S. 164, 191 (1994), and culminating with <u>Stoneridge Inv. Partners, LLC v. Scientific-Atlanta</u>, 552 U.S. 148, 164-66 (2008), the Court unequivocally established that an investor does not have a private right of action against a defendant that only conspires to commit securities fraud.  Instead, a plaintiff must show that each defendant's ***individual conduct satisfies each element*** of a Section 10(b) violation.  Plaintiff nevertheless seeks to admit into evidence Mr. Wolff's plea agreement which pertains to a single count of conspiracy – an offense which does not equate to a viable civil claim for securities fraud under the Supreme Court's binding precedent.

---

[1] Plaintiffs have identified the plea agreement itself as a proposed trial exhibit (No. 2189), as well as the court minutes and transcript of proceedings relating to the entry of the plea (Nos. 2190 & 2191).

WOLFF'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE PLEA AGREEMENT

Allowing admission of the plea agreement runs a substantial and serious risk that a jury will be unduly confused regarding Plaintiff's burden to demonstrate Mr. Wolff's civil liability under Section 10(b).  While judges and lawyers grasp the subtle differences between criminal and civil liability, including their accompanying burdens, and the differences between primary and secondary liability, it is very likely that Mr. Wolff's plea agreement would be used to confuse the jury and convince them that Mr. Wolff has already admitted a primary violation of Section 10(b).  Indeed, Plaintiff has made very clear that is exactly what is intended at the trial of this case, as illustrated by the fact that the plea agreement is the number one piece of evidence, listed in bold, in Plaintiff's portion of the joint proposed pre-trial conference order under the heading of "Evidence Relied Upon By Plaintiff To Prove Its Claims Against Wolff."  Under the circumstances, however, any probative value of the plea agreement is heavily outweighed by the danger of unfair prejudice that would result by allowing Plaintiff to juxtapose Mr. Wolff's plea agreement involving a count of conspiracy with Plaintiff's completely separate burden to prove securities fraud in this action.

## II.
## EVIDENCE OF OR REFERENCE TO MR. WOLFF'S PLEA AGREEMENT SHOULD BE EXCLUDED AS UNDULY PREJUDICIAL UNDER RULE 403

Federal Rule of Evidence 403 permits the Court to exclude even relevant evidence if the probative value of such evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  Fed. R. Evid. 403; see also United States v. Varela-Rivera, 279 F.3d 1174, 1179 (9th Cir. 2002); United States v. Hitt, 981 F.2d 422, 424 (9th Cir. 1992).  The Advisory Committee notes to Rule 403 state in relevant part, "'unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  Fed. R. Evid. 403 advisory committee's note.

WOLFF'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE PLEA AGREEMENT

Even if evidence of Mr. Wolff's plea agreement has some relevance, under Rule 403, this Court should still exclude such reference because the risk of undue prejudice to Mr. Wolff is substantially outweighed by any possible probative value it may have.  See Old Chief v. United States, 519 U.S. 172, 181 (1997) ("the risk that a jury will convict for crimes other than those charged – or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment – creates a prejudicial effect that outweighs ordinary relevance").  Accordingly, courts frequently exclude evidence of plea agreements to ensure that a defendant receives a fair trial.  See United States v. Halbert, 640 F.2d 1000, 1005 (9th Cir. 1981) ("Recognizing the legitimate uses that may be made of the guilty plea evidence, we are nonetheless sensitive to the possibility of prejudice . . . .").[2]

Under these circumstances, admitting Mr. Wolff's plea agreement into evidence is particularly problematic.  A prior judgment of conviction may be used only as *prima facie* evidence with respect to matters of fact or law "necessarily decided by the conviction and the verdict on which it was based."  Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 569 (1951); cf. Fed. R. Evid. 803(22) (evidence of "plea of guilty . . . adjudging a person guilty of a [felony], to prove any fact essential to sustain the judgment").  Mr. Wolff agreed to a plea on one count of criminal conspiracy in violation of 18 U.S.C. § 371.  See Exhibit A hereto (plea agreement), at 3.  A charge of conspiracy only "requires a showing that the defendant knew of the existence of the conspiracy and acted with the intent to further its goals."  United States v. Esparza, 876 F.2d 1390, 1392 (9th Cir. 1989).

To maintain a private right of action under Section 10(b), however, Plaintiff must establish that Mr. Wolff's own conduct violated each element of the

---

[2]  See also United States v. Sua, 307 F.3d 1150 (3d Cir. 2002) (affirming exclusion of plea agreement under Rule 403 because of potential that plea agreement would confuse the jury); Rozier v. Ford Motor Co., 573 F.2d 332 (5th Cir. 1978) (reversing as abuse of discretion admission of guilty plea in subsequent civil proceeding to provide evidence of legal cause – a purpose for which the evidence could mislead and confuse the jury).

WOLFF'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE PLEA AGREEMENT

securities laws.  See Lopes v. Vieira, 543 F. Supp. 2d 1149, 1178 (E.D. Cal. 2008) ("secondary actors or aiders and abetters, are not liable in Section 10b actions, unless the secondary actor's conduct satisfies each of the elements for liability").  As such, Plaintiff is required to show (1) Mr. Wolff himself made a material misrepresentation or omission; (2) Mr. Wolff acted with scienter; (3) Plaintiff relied on Mr. Wolff's misrepresentation or admission; (4) Plaintiff's reliance resulted in economic loss; and (5) loss causation, which is "a causal connection between the material misrepresentation and the loss."  Dura Pharm. v. Broudo, 544 U.S. 336, 341-42 (2005).  To satisfy these elements, Plaintiff "***must attribute particular*** misstatements, omissions, or otherwise manipulative conduct on the part of" Mr. Wolff.  Pegasus Holdings v. Veterinary Centers of America, Inc., 38 F. Supp. 2d 1158, 1166 (C.D. Cal. 1998) (emphasis added).  The elements required to establish a Section 10(b) violation were not "necessarily decided" by Mr. Wolff's plea agreement involving a charge of conspiracy.  Emich Motors, 340 U.S. at 569.

Thus, allowing Mr. Wolff's plea agreement into evidence would lead to exactly the type of improper inferences that Rule 403 seeks to prevent.  Indeed, in this context, the Supreme Court has expressly cautioned courts to be especially mindful of expanding the scope of civil liability in a securities case to encompass allegations of conspiracy.  See Stoneridge, 552 U.S. at 162-63 (avoiding an interpretation of § 10(b) that "would revive in substance the [private] cause of action against all aiders and abettors except those who committed no deceptive act in the process of facilitating the fraud").[3]  As one court in the Central District recently explained:

---

[3]  In Stoneridge, the Supreme Court held that the private right of action under Section 10(b) did not extend to certain third-party vendors alleged to have cooperated with the primary violator's scheme to misrepresent its financial situation.  552 U.S. at 152-53.  In other words, the third-party vendors knew of a violation of securities laws and acted in some fashion to further the violation, yet Stoneridge held that civil liability did not extend to third-party vendors conduct.

WOLFF'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE PLEA AGREEMENT

> **There is no private "aiding and abetting" or "conspiracy" liability under § 10(b) of the Securities and Exchange Act**, or Rule 10b-5 promulgated thereunder.  Accordingly, [defendant] **may only be liable as a primary actor**; that is, he must have committed a deceptive act in furtherance of the scheme upon which Plaintiff relied.  As the Supreme Court warned in <u>Stoneridge</u>, this Court must take care to avoid resurrecting aiding and abetting liability under the guise of primary liability for a fraudulent scheme.  **Mere allegations that a defendant committed a deceptive act, even one in furtherance of a scheme to defraud investors, are insufficient.**  Instead, this Court is compelled to focus on the elements of reliance and causation in order to determine whether [defendant's] deceptive acts, if any, were the proximate cause of Plaintiffs' injury.

<u>Burnett v. Rowzee</u>, 561 F. Supp. 2d 1120, 1125-26 (C.D. Cal. 2008) (emphasis added and citations omitted); <u>see also</u> <u>In re Dura Pharmaceuticals, Inc. Sec. Litig.</u>, 548 F. Supp. 2d 1126, 1141 (S.D. Cal. 2008) (dismissing the Senior Vice President of Sales & Marketing in part because he did not make any materially false statements); <u>Katz v. Image Innovations Holdings, Inc.</u>, 542 F. Supp. 2d 269, 272-73 (S.D.N.Y. 2008) (dismissing claims against certain insider defendants, where the complaint failed to particularize any material misstatements or omissions by these defendants, and failed to explain how the alleged actions of these defendants were relied upon by purchasers of the company's stock).

Mr. Wolff is entitled to unbiased jurors.  <u>Tracey v. Palmateer</u>, 341 F.3d 1037, 1048 (9th Cir. 2003); <u>Standard Alaska Production Co. v. Schaible</u>, 874 F.2d 624, 630 (9th Cir. 1989); <u>see also</u> <u>In re U.S. Financial Sec. Litig.</u>, 609 F.2d 411, 421 (9th Cir. 1979) ("Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to jury trial should be scrutinized with the utmost care.").  But the admission of Mr. Wolff' plea agreement could lead jurors to punish

Mr. Wolff for conduct that does not amount to a viable cause of action under Section 10(b).  Jurors could potentially assume or infer that because Mr. Wolff agreed to a plea, Mr. Wolff necessarily violated the federal securities laws that provide Plaintiff a private right of action.  That would be contrary to the law. Accordingly, the Court should grant Mr. Wolff's motion and exclude evidence of his plea agreement and all associated documents and court filings and transcripts, and any mention of them, from the trial of this action.

## III.
## CONCLUSION

Mr. Wolff respectfully requests that the Court issue an order *in limine* barring the admission of Mr. Wolff's plea agreement in a related criminal case, and further precluding the presentation of argument, testimony and/or exhibits referring, summarizing or relating to the same.

DATED:  January 13, 2011   PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____/s/ Howard M. Privette_____
Howard M. Privette

Attorneys for Defendant STUART H. WOLFF

LEGAL_US_W # 66892348.2

- 6 -

WOLFF'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE PLEA AGREEMENT