HOWARD M. PRIVETTE (State Bar No. 137216)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705
Email:  howardprivette@paulhastings.com

Attorneys for Defendant
STUART H. WOLFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re HOMESTORE.COM, INC. SECURITIES LITIGATION | Case No. CV 01-11115 RSWL(CWx) |
|---|---|
| | **DECLARATION OF HOWARD M. PRIVETTE IN SUPPORT OF DEFENDANT WOLFF'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE OF HIS PLEA AGREEMENT AND TO PREVENT REFERENCES TO THE SAME** |
| This Document Relates To: ALL ACTIONS. | Ctrm:   21 The Honorable Ronald S.W. Lew Trial:   January 25, 2011 |

## DECLARATION OF HOWARD M. PRIVETTE

I, HOWARD M. PRIVETTE, declare as follows:

1.      I am an attorney at law, licensed to practice before the Courts of the State of California and admitted to practice before this Court.  I am a partner in the law firm of Paul, Hastings, Janofsky & Walker LLP, counsel of record for Defendant Stuart H. Wolff ("Wolff").  I make this declaration in support of Mr. Wolff's Motion *in Limine* to Exclude Evidence of His Plea Agreement and to Prevent References to the Same.  I have personal knowledge of the following facts, and if called upon to do so, I could and would testify competently to the matters set forth herein.

2.      Attached hereto as Exhibit A is a true and correct copy of the Binding Plea Agreement for Defendant Stuart H. Wolff.  Plaintiff has designated this Plea Agreement as its proposed Trial Exhibit No. 2189 in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.  Executed on January 13, 2011, at Los Angeles, California.

_/s/ Howard M. Privette_____
Howard M. Privette

LEGAL_US_W # 66939334.1

- 1 -

# Exhibit A

GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
MICHAEL J. RAPHAEL (Cal. Bar # 208232)
Assistant United States Attorney
Chief, Criminal Appeals Section
MICHAEL R. WILNER (Cal. Bar # 156592)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
       1100 United States Courthouse
       312 North Spring Street
       Los Angeles, California 90012
       Telephone: (213) 894-3391/0687
       Facsimile: (213) 894-6269
       E-mail:    michael.raphael@usdoj.gov
                  michael.wilner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 05-398-GAF |
| | ) | |
| Plaintiff, | ) | **BINDING PLEA AGREEMENT FOR** |
| | ) | **DEFENDANT STUART H. WOLFF** |
| v. | ) | |
| | ) | **FRCP 11(c)(1)(C)** |
| STUART H. WOLFF, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

1.    This constitutes the binding plea agreement between defendant STUART H. WOLFF ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

2

Case 2:01-cv-11115-RSWL-CWX   Document 1225-1   Filed 01/13/11   Page 5 of 18
Case 2:05-cr-00398-GAF   Document 1008   Filed 01/07/10   Page 2 of 15   Page ID #:2955
Page ID #:4211

**BINDING NATURE OF PLEA AGREEMENT**

2.    This Agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  The Court is not a party to this Agreement and need not accept this Agreement.  Prior to defendant's sentencing pursuant to this Agreement, the parties request that the Court advise the USAO and defendant whether the Court agrees to be bound by the terms of this Agreement, and specifically whether the Court will sentence defendant within the boundaries that the parties agreed upon in paragraph 18 of this Agreement.

3.    If the Court determines before defendant enters his guilty plea not to be bound by the terms of this Agreement, then neither the USAO nor defendant will be bound by this Agreement or any of its terms or conditions, and the USAO will be free to pursue whatever further investigation and prosecution of defendant it deems appropriate.

4.    If the Court determines after defendant has entered his guilty plea not to be bound by the terms of this Agreement, then, pursuant to Federal Rule of Criminal Procedure 11(d)(2)(A), defendant will have the opportunity to withdraw his guilty plea.  The USAO and defendant will no longer be bound by this Agreement or any of its terms or conditions, and the USAO will be free to pursue whatever further investigation and prosecution of defendant it deems appropriate.

Case 2:01-cv-11115-RSWL-CWX   Document 1225-1   Filed 01/13/11   Page 6 of 18
Page ID #:4212
Case 2:05-cr-00398-GAF   Document 1005   Filed 01/07/10   Page 3 of 15   Page ID #:2956

**PLEA**

5.   Defendant agrees to plead guilty to count one of the Indictment in <u>United States v. Wolff</u>, CR 05-398-GAF, as set forth in the factual basis in paragraph 12 below.

**NATURE OF THE OFFENSE**

6.   In order for defendant to be guilty of count one, which charges criminal conspiracy in violation of Title 18, United States Code, Section 371, the following must be true:

a.   There was an agreement between two or more people to commit the crime of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5;

b.   Defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and

c.   One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

Defendant admits that defendant is, in fact, guilty of the offense as set forth in the factual basis below and described, in part, in count one of the Indictment.

**PENALTIES AND RESTITUTION**

7.   The statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 371 (conspiracy), is: five years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greater; and a mandatory special assessment of $100.

3

Case 2:01-cv-11115-RSWL-CWX    Document 1225-1    Filed 01/13/11    Page 7 of 18
Case 2:05-cr-00398-GAF    Document 1005    Filed 01/07/10    Page 4 of 15    Page ID #:2957
Page ID #:4213

8.   The government believes that restitution is mandatory in this case pursuant to 18 U.S.C. § 3663A.  Defendant understands that the Court will determine if defendant is required to pay full restitution to the victims of the offense based on his guilty plea.  If the Court so determines, defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is not restricted to the amounts alleged in the count to which defendant is pleading guilty, and may include losses arising from charges not prosecuted pursuant to this agreement as well as all relevant conduct in connection with those charges.  The parties do not currently have an agreement as to the amount of restitution, but recognize and agree that the restitution amount could change based on facts that come to the attention of the parties prior to sentencing.  Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

9.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4

Case 2:01-cv-11115-RSWL-CWX   Document 1225-1   Filed 01/13/11   Page 8 of 18
Case 2:05-cr-00398-GAF   Document 1008   Filed 01/07/10   Page 5 of 15   Page ID #:2958
Page ID #:4214

10. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

11. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to suspension or revocation of a professional license if defendant maintains any such license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

12. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts includes facts sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

a. During 2001, defendant Wolff was the Chief Executive Officer and Chairman of the Board of Directors of Homestore.com, Inc. ("Homestore"). At the time, Homestore was the largest Internet-based provider of residential real estate listings and related content. The headquarters and main

operations of Homestore were located in Westlake Village, California.

b.    Homestore was a publicly traded company. Homestore's stock traded on the Nasdaq National Market System.

c.    As a public company, Homestore was required to report the financial results of its operations periodically to the United States Securities and Exchange Commission (the "SEC"), securities analysts, and investors.  Among the important results that Homestore reported after the end of each fiscal quarter were the amounts of revenue that Homestore generated each quarter.

d.    During 2001, defendant Wolff entered into an agreement with other senior Homestore executives to improperly record advertising revenue in Homestore's publicly reported revenue figures in amounts that would be material to investors in Homestore's stock.

e.    Defendant Wolff joined the agreement knowing that it involved making false statements to investors and the SEC. At no point during 2001 did defendant Wolff or any other senior executive of Homestore publicly disclose to the SEC, securities analysts, or investors that Homestore reported a material amount of improperly recorded advertising revenue.

Overt Acts in Furtherance of the Conspiracy

f.    On or about May 15, 2001, defendant Wolff signed Homestore's Form 10-Q for the first quarter of 2001, which contained false and misleading representations and omitted material facts regarding the company's advertising revenue results.  (Overt Act No. 19).

6

7

g.   On or about August 14, 2001, defendant Wolff signed Homestore's Form 10-Q for the second quarter of 2001, which contained false and misleading representations and omitted material facts regarding the company's advertising revenue results.   (Overt Act No. 55).

## WAIVER OF CONSTITUTIONAL RIGHTS

13.   By pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.  (In this regard, defendant understands that, despite defendant's plea of guilty, defendant retains the right to be represented by counsel - and, if necessary, to have the Court appoint counsel if defendant cannot afford counsel - at every other stage of the proceedings.)

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

7

8

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions (including motions alleging violations of <u>Brady v. Maryland</u>) that have been filed or could be filed.

### SENTENCING PROVISIONS AND STIPULATED SENTENCING RANGE

14. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence within the range agreed to by the parties in paragraph 18 below.

15. Defendant and the USAO have no agreement regarding the calculation of the advisory guidelines for defendant's offense. The parties agree that defendant's offense calculation should be determined by use of the Sentencing Guidelines manual adopted in November 2000.

16. There is no agreement as to defendant's criminal history or criminal history category.

8

Case 2:01-cv-11115-RSWL-CWX    Document 1225-1    Filed 01/13/11    Page 12 of 18
Case 2:05-cr-00398-GAF   Document 1008   Filed 01/07/10   Page 9 of 15   Page ID #:2962
Page ID #:4218

17.    Pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), defendant reserves the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.  However, pursuant to the terms of this binding plea agreement, defendant may not argue for a sentence below the minimum sentence agreed upon by the parties in paragraph 18.

18.    Defendant and the USAO agree that an appropriate disposition of this case is that the Court impose a sentence consisting of the following terms: a period of incarceration within a range of no less than 36 months and no more than the statutory maximum of 60 months; three years of supervised release; a fine and restitution order in amounts to be determined by the Court; and a $100 special assessment.

19.    The parties acknowledge that defendant is attempting to settle related civil claims brought against him by the SEC in the action entitled Securities and Exchange Commission v. Wolff, case no. CV 05-3132-SVW, and with the class of plaintiffs in the action entitled In re Homestore.com, Inc. Securities Litigation, case no. CV 01-11115-RSWL.  If the Court orders defendant to pay restitution in this matter, to the extent that defendant makes payments to victims of the charged crime as part of those two civil cases, the USAO and defendant agree that those payments should be credited toward any restitution ordered by the Court.

20.    The Court will determine the facts and calculations relevant to sentencing and decide whether to agree to be bound by this agreement.  Both defendant and the USAO are free to

9

supplement the facts by supplying relevant information to the United States Probation Office and the Court.

### DEFENDANT'S OBLIGATIONS

21. Defendant agrees that defendant will:

a. Plead guilty as set forth in this agreement.

b. Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c. Not knowingly and willfully fail to: (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d. Not commit any crime; however, offenses that would be excluded for sentencing purposes under USSG § 4A1.2(c) are not within the scope of this agreement.

e. Not knowingly and willfully fail to be truthful at all times with the U.S. Pretrial Services Agency, the U.S. Probation Office, and the Court.

f. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed Financial Statement Form (Form OBD-500) to the USAO before sentencing.

g. Surrender for any custody term ordered by the Court to the institution to which defendant has been designated for incarceration or, in the event that no designation has been made, to the United States Marshals Service, 255 E. Temple Street, Los Angeles, California, within 60 days from the date of defendant's sentencing.

10

11

### THE USAO'S OBLIGATIONS

22.   If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a.   To abide by all sentencing stipulations contained in this agreement.

b.   At the time of sentencing to move to dismiss the remaining counts of the Indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

### BREACH OF AGREEMENT

23.   If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement, the USAO may declare this agreement breached.  If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

24.   Following a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any

11

12

charge that was dismissed or not pursued to trial as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b.   Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing of this agreement.

c.   Defendant agrees that: (i) any statements made by defendant under oath at the guilty plea hearing (if such a hearing occurred prior to the breach); and (ii) any evidence derived from such statements, are admissible against defendant in any such prosecution of or action against defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

25.   Defendant gives up the right to appeal any sentence of imprisonment imposed by the Court and the manner in which the sentence is determined, provided that the sentence falls within the range anticipated by this binding plea as specified in

12

13

paragraph 18 above.  Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the Court's determination of any fine or restitution order, defendant's criminal history category and the conditions of supervised release imposed by the Court, with the exception of the following: conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

26.  The USAO gives up the right to appeal any sentence of imprisonment imposed by the Court and the manner in which the sentence is determined, provided that the sentence falls within the range anticipated by this binding plea as specified in paragraph 18 above.

## COURT NOT A PARTY

27.  The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations.  If the Court does not accept the terms of the proposed sentence described above, then defendant will be permitted to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(c) and paragraph 4 of this agreement.

## NO ADDITIONAL AGREEMENTS

28.  Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.  Nor may any additional agreement, understanding, or condition be entered into unless in a writing signed by all parties or on the record in court.

13

14

**PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**

29.  The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.


AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

GEORGE S. CARDONA
Acting United States Attorney

      /s/ AUSA Wilner                    January 7, 2010
_____        _____
MICHAEL J. RAPHAEL                 Date
MICHAEL R. WILNER
Assistant United States Attorneys

14

15

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this binding plea agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____       _____
Stuart H. Wolff                 Date
Defendant

I am Stuart Wolff's attorney. I have carefully discussed every part of this binding plea agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____       _____
John Gibbons                    Date
Daniel Rubinstein

Attorneys for Defendant
Stuart H. Wolff

15

16