O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>Homestore.com, Inc.<br>Securities Litigation<br><br><br><br>This Document Relates To:<br><br>All Actions<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Master File No.<br>CV 01-11115 RSWL (CWx)<br><br>**ORDER** |

    Before the Court are Lead Plaintiff California

State Teachers Retirement System's ("Plaintiff")

Omnibus Motions *in Limine* [1220] and Defendant Stuart

H. Wolff's ("Defendant") Motions *in Limine* Numbers 1

through 17 [1218, 1219, 1223, 1224, 1225, 1226, 1228,

1229, 1230, 1231, 1232, 1233, 1234, 1235, 1236, 1237,

1238.]  After considering all papers and arguments

submitted, the Court **NOW FINDS AND RULES AS FOLLOWS:**

///

///

1

**I. Plaintiff's Motion *in Limine***

Plaintiff brings these Omnibus Motions *in Limine*, requesting the Court exclude eight types of evidence from Trial and issue an Order affirming Plaintiff's right to admit former trial and deposition testimony from unavailable witnesses at Trial.

    1.   Plaintiff's Motion *in Limine* No. 1

The Court **GRANTS** Plaintiff's Motion *in Limine* Number 1 to exclude reference to or evidence of Plaintiff's financial condition and other litigation.

Evidence of a party's financial condition is generally not relevant and can be unduly prejudicial, as it can distract the jury from the real issues in the case. See, e.g., Utility Trailer Sales of Kansas City, Inc. v. MAC Trailer Mfg., Inc., 2010 WL 1946625 (D. Kan., May 14, 2010). Accordingly, the Court finds that references to and evidence of Plaintiff's financial condition should be excluded. Further, reference to or evidence of Plaintiff's involvement in other litigation prior to this Action is also irrelevant and carries with it a high risk of prejudice. See, e.g., Ritten v. Lapeer Regional Medical Center, 2010 WL 374163, *8 (E.D. Mich., Jan. 25, 2010). As such, the Court also excludes reference to or evidence of Plaintiff's involvement in prior lawsuits.

Therefore, the Court **GRANTS** Plaintiff's Motion *in Limine* Number 1 to exclude reference to or evidence of Plaintiff's financial condition and other litigation.

 2.   Plaintiff's Motion *in Limine* No. 2

The Court **GRANTS** Plaintiff's Motion *in Limine* Number 2 to exclude settlement communications. Defendant does not oppose this Motion, and evidence of settlement communications is inadmissible under Federal Rule of Evidence 408.   Fed. R. Evid. 408.

 3.   Plaintiff's Motion *in Limine* No. 3

The Court **GRANTS** Plaintiff's Motion *in Limine* Number 3 to exclude reference to or evidence of amount of settlement with previous defendants.

Federal Rule of Evidence 408 excludes complete compromises with third parties and prior defendants. Fed. R. Evid. 408. See Young v. Verson Allstate Press Co., 539 F. Supp. 193, 195-96 (D.C. Pa. 1982). Moreover, the Court finds that evidence of the amount of prior settlements is not relevant here and is prejudicial.   See Pucci v. Litwin, 1993 WL 405448, *1 (N.D. Ill., Oct. 4, 1993).

Accordingly, the Court **GRANTS** Plaintiff's Motion *in Limine* Number 3 to exclude reference to or evidence of amount of settlement with previous defendants.

However, the Court cautions the Parties that evidence of prior settlements is not excluded for purposes of making a determination as to whether to offset any damages that the jury may assign to Defendant.

 4.   Plaintiff's Motion *in Limine* No. 4

The Court **DENIES** Plaintiff's Motion *in Limine*

Number 4 to exclude character evidence regarding Defendant Wolff pursuant to Federal Rule of Evidence 404(a).

The Court finds Plaintiff's request as over-broad and vague, and therefore inappropriate for review at the motion *in limine* stage.  See <u>Colton Crane Co., LLC</u> <u>v. Terex Cranes Wilmington, Inc.</u>, 2010 WL 2035800, (C.D. Cal. May 19, 2010) (holding that motions *in limine* should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial").

Accordingly, the Court **DENIES** Plaintiff's Motion *in Limine* Number 4 to exclude character evidence regarding Defendant Wolff pursuant to Federal Rule of Evidence 404(a).

5.   <u>Plaintiff's Motion *in Limine* No. 5</u>

The Court **DENIES** Plaintiff's Motion *in Limine* Number 5 to exclude Defendant from offering expert testimony through deposition testimony rather than through live witness testimony.

The Court finds that Plaintiff has not met its burden here to show that the deposition testimony of all experts should be excluded at this time.  See <u>Pucci</u> <u>v. Litwin</u>, 1993 WL 405448 (N.D. Ill., Oct. 4, 1993)(denying plaintiffs' motion *in limine* to exclude all deposition testimony because plaintiff had not proven that under any circumstances the testimony would

1   be admissible).

2       Therefore, the Court **DENIES** Plaintiff's Motion *in*
3   *Limine* Number 5 to exclude Defendant from offering
4   expert testimony through deposition testimony rather
5   than live witness testimony.

6       6.   Plaintiff's Motion *in Limine* No. 6

7       The Court **GRANTS** Plaintiff's Motion *in Limine*
8   Number 6 to exclude John Costello's ("Costello")
9   deposition testimony.  Plaintiff had previously
10  designated Costello as an expert leading up to the
11  previously scheduled Trial in this Action, but now does
12  not plan on calling Costello to testify at this Trial
13  [1202].  However, Defendant seeks to introduce the
14  deposition testimony of Costello at Trial [1200].

15      The Court finds that Federal Rule of Civil
16  Procedure 26(b)(4)(B) precludes the use of this
17  deposition testimony by Defendant, as Plaintiff had
18  previously designated Costello as an expert witness, is
19  no longer calling him to testify, and Defendant has not
20  demonstrated that "exceptional circumstances" exist
21  here to enable Defendant to use this deposition
22  testimony. Fed. R. Civ. P. 26(b)(4)(B). See Otsuka v.
23  Polo Ralph Lauren Corp., 2010 U.S. Dist. LEXIS 25017
24  (N.D. Cal. Mar. 17, 2010); FMC Corp. v. Vendo Co., 196
25  F. Supp. 2d 1023, 1036 (E.D. Cal. 2002)(applying the
26  "exceptional circumstances" test under Rule 26(b)(4)(B)
27  to determine whether to exclude plaintiff's request to
28  depose and offer testimony from defendant's previously

disclosed expert witness).  Defendant states that
Costello's testimony concerns the auditing practices of
PricewaterhouseCoopers, but the Court finds that this
is not a unique field of expertise and Defendant could
have designated other experts to testify on this
matter.  See Rubel v. Eli Lilly & Co., 160 F.R.D. 458,
460 (S.D.N.Y. 1995)(noting that "[i]f this were a case
in which the expert sought to be called possessed
unique evidence, plaintiff's case [to admit expert
testimony previously designated by defendant] would
have considerabl[y] [more] appeal").

Therefore, the Court **GRANTS** Plaintiff's Motion *in
Limine* Number 6 to exclude John Costello's ("Costello")
deposition testimony.

7.  Plaintiff's Motion *in Limine* No. 7

The Court **DENIES** Plaintiff's Motion *in Limine*
Number 7 to exclude evidence relating to individualized
issues of the Class Representative.  Plaintiff seeks to
exclude any evidence regarding Plaintiff's individual
reliance, arguing that it will be able to use the
"fraud on the market" theory to show that the class of
Homestore shareholders, as a whole, suffered damages as
a result of Defendant's conduct.

The Court finds that this Motion is pre-mature, as
Plaintiff must first establish it is entitled to use
the "fraud on the market" theory in order to establish
that the class, as a whole, suffered damages here
before it can show that evidence relating to

1  Plaintiff's individualized proof of reliance is not

2  relevant.   See Basic Inc. v. Levison, 485 U.S. 224,

3  247 (1988).

4       Accordingly, the Court **DENIES** Plaintiff's Motion *in*

5  *Limine* Number 7 to exclude evidence relating to

6  individualized issues of the Class Representative.

7       8.   Plaintiff's Motion *in Limine* No. 8

8       The Court **DENIES** Plaintiff's Motion *in Limine*

9  Number 8 to exclude arguments or evidence by Defendant

10 that he is not liable for 10b-5 violations between May

11 15, 2001 to December 21, 2001 and that the jury be

12 instructed that Defendant must be found liable for 10b-

13 5 violations between May 15, 2001 to December 21, 2001.

14      The Court finds that Plaintiff has failed to

15 establish that Defendant's guilty plea meets all of the

16 criteria that must be satisfied in order to enable

17 Plaintiff to utilize the collateral estoppel doctrine

18 here to establish Defendant's Section 10(b) violation

19 for the requested period of time.   See United States v.

20 Real Prop. Located at Section 18, 976 F.2d 515, 519

21 (9th Cir. 1992).

22      Specifically, Plaintiff has failed to show that the

23 issue on which it now offers Defendant's conviction and

24 plea agreement, the issue of his liability for the

25 Section 10(b) violations, is identical to those issues

26 decided by Defendant's plea agreement and conviction.

27 The Court finds that the plea agreement and conviction

28 did not address all the required elements in

Plaintiff's 10b-5 claim, such as reliance or economic loss.

As such, the Court **DENIES** Plaintiff's Motion *in Limine* Number 8 to exclude arguments or evidence by Defendant that he is not liable for 10b-5 violations between May 15, 2001 to December 21, 2001 and that the jury be instructed that Defendant must be found liable for 10b-5 violations between May 15, 2001 to December 21, 2001.

9.   Plaintiff's Motion *in Limine* No. 9

Plaintiff's Motion *in Limine* Number 9 for an Order that testimony given during Defendant's 2006 criminal trial is admissible is **DENIED AS MOOT**, as Plaintiff has now withdrawn this Motion.

10.   Plaintiff's Motion *in Limine* No. 10

Plaintiff's Motion *in Limine* Number 10 for an Order that deposition testimony given in this Case is admissible where the witness is shown to be unavailable is **DENIED AS MOOT**, as Plaintiff has now withdrawn this Motion.

**II. Defendant's Motions *in Limine***

Defendant Stuart H. Wolff brings the following 17 Motions *in Limine*.

1.   Defendant's Motion *in Limine* No. 1

The Court **DENIES** Defendant's Motion *in Limine* Number 1 to Decertify "Dismissed Defendants" Subclass and/or to Exclude from Plaintiff Class AOL Time Warner,

David Colburn, Eric Keller, Cendant Corporation,
Richard A. Smith & L90, Inc.

On November 16, 2004, this Court granted then-
Defendant PricewaterhouseCoopers' Motion for an Order
establishing a Subclass of "Dismissed Defendants"
[693].  These "Dismissed Defendants" are persons or
entities who were at one point Defendants in this case,
but were dismissed from the Action with prejudice.

The Court finds the November 16, 2004 Order [693]
properly certified this subclass of "Dismissed
Defendants," and that nothing has changed since this
Order to necessitate a decertification here.

Accordingly, Defendant's Motion *in Limine* Number 1
to Decertify "Dismissed Defendants" Subclass and/or to
Exclude from Plaintiff Class AOL Time Warner, David
Colburn, Eric Keller, Cendant Corporation, Richard A.
Smith & L90, Inc. is **DENIED.**

2.  Defendant's Motion *in Limine* No. 2

The Court **DENIES** Defendant's Motion *in Limine*
Number 2 to exclude from the Plaintiff Class all
persons who received a distribution from the settlement
with Time Warner, Inc.

Defendant argues that the class members who
accepted a distribution from the settlement between
Plaintiff and Time Warner, Inc. after receiving the
August 24, 2007 notice of this proposed settlement
agreement ("Notice") have waived their claims against
Defendant and should therefore be excluded from the

Plaintiff Class.  Defendant argues that the terms in
this Notice informed the Class Members they would be
releasing all claims against the "Released Time Warner
Parties," which was defined as "Time Warner Inc. ...
and any of its or their present or former ...
shareholders."  [Declaration of Howard Privette ("Decl.
Privette") in support of Defendant's Motion *in Limine*
No. 2, Exh. C at 21.]  Defendant argues that because he
was a shareholder of AOL Time Warner, Inc., now known
as Time Warner, Inc., prior to this settlement and
remains a shareholder of Time Warner, Inc. to this
date, the members of the Class who accepted the
settlement have therefore waived their claims against
Defendant.

   This particular settlement agreement is governed by
California law.  [Decl. Privette in support of
Defendant's Motion *in Limine* No. 2, Exh. B at 18.]
Under California law, an individual who is not a party
to the release or settlement agreement can still
enforce that agreement.  Vahle v. Barwick, 93 Cal. App.
4th 1323, 1328 (2001).  However, the "burden is on the
third party to prove the parties to the release
agreement intended to benefit the third party," and the
third party must "affirmatively show that the parties
intended to release him." Id.

   The Court finds that Defendant has not met his
burden to prove that the parties to the settlement
agreement intended to benefit Defendant by releasing

all claims against him by virtue of his position as a shareholder of Time Warner, Inc.  Specifically, the settlement agreement states that the "remaining claims against ... [Defendant] are not being settled or compromised by this settlement and will continue to be prosecuted by [Plaintiff] on behalf of the Class." [Decl. Privette in support of Defendant's Motion *in Limine* No. 2, Exh. B at 3.]  Moreover, under the circumstances, it is not likely that the parties to this agreement intended to release him from liability through this settlement, as claims against him for the same conduct were still pending at this time. <u>See</u> <u>Vahle</u>, 93 Cal. App. 4th at 1328 (looking to motives of the parties in examining whether there was an intent to release the third party).

Defendant argues that this specific language is not controlling, as it was not in the Notice.  However, the Court finds that Defendant's arguments here that the Notice prevails over the actual settlement agreement are unpersuasive, as class members are "not expected to rely upon notices as a complete source of settlement information, and courts have held that "[a]ny ambiguities regarding the substantive aspects of the settlement could be cleared up by obtaining a copy of the agreement." <u>Grunin v. Int'l House of Pancakes</u>, 513 F.2d 114, 112 (5th Cir. 1995).

Accordingly, the Court **DENIES** Defendant's Motion *in Limine* Number 2 to exclude from the Plaintiff Class all

persons who received a distribution from the settlement
with Time Warner, Inc.

    3.   Defendant's Motion *in Limine* No. 3

    The Court **DENIES** Defendant's Motion *in Limine*
Number 3 to exclude evidence of Homestore's financial
restatements.

    Defendant seeks to exclude evidence regarding the
Restatement of Homestore's financial reports for the
year 2001 and the first three quarters of 2001
(hereinafter, "Restatement").  As part of an internal
investigation initiated in late 2001, Homestore formed
a committee of various outside accountants and
attorneys in order to review Homestore's accounting
practices and certain past business transactions.  In
2002, after Defendant had left the company, this
committee concluded that the accounting decisions at
issue were improper, and determined that Homestore
should issue restated financial records for fiscal year
2000 and the first three quarters of fiscal year 2001,
subsequently filing the Restatement at issue here with
the Securities and Exchange Commission ("SEC").  This
Restatement lays out that the history of this
investigation and states that certain transactions had
been improperly recorded. [Decl. Privette in support of
Defendant's Motion *in Limine* No. 3, Exh. A.]

    Defendant first argues that evidence of the
Restatements is inadmissible under Federal Rule of
Evidence 407, as it is a subsequent remedial measure by

1    Homestore's accountants and lawyers.  However, the

2    Court finds that the Restatement is not a subsequent

3    remedial measure under Federal Rule of Evidence 407

4    because it was not voluntary, given the Restatement was

5    "mandated by federal securities laws." See U.S. SEC v.

6    Battenberg, 2010 WL 3835760 (E.D. Mich. Sept. 24,

7    2010).  Further, Homestore's Restatement does not meet

8    the plain language or policy of Rule 407, as the

9    Restatement was not a voluntary remedial measure but

10   instead a required corrective action under both SEC

11   regulations and the guidelines in the Generally

12   Accepted Accounting Principles. See SEC v. Uzzi, 2003

13   WL 1342962 (S.D. Fla. Jan. 21, 2003) (holding that

14   Defendant's financial restatement... [was] not at all

15   voluntary, and thus, neither the intent nor the policy

16   underlying Rule 407 support exclusion of this

17   material").

18       Defendant also argues that the Restatement is

19   inadmissible hearsay and not a business record under

20   Federal Rule of Evidence 803(6).  The Court finds this

21   argument unpersuasive and that the Restatement is a

22   business record under Rule 803(6). Fed. R. Evid.

23   803(6).  Specifically, the Restatement was made at or

24   near the time of the accounting investigation by those

25   with knowledge of the company's books, the

26   circumstances of its creation do not indicate a lack of

27   trustworthiness, and the Restatement was created and

28   kept in the regular business practice of the company,

1   as the company had a duty to file restated financial
2   statements with the SEC. <u>See</u> Fed. R. Evid. 803(6). <u>See</u>
3   <u>also</u> <u>In re Worldcom, Inc. Securities Litigation</u>, 2005
4   U.S. Dist. LEXIS 2215, *18-24.

5       Finally, Defendant has not shown that the probative
6   value of this Restatement is substantially outweighed
7   by the risk of prejudice to Defendant. <u>See</u> <u>id.</u>, 2005
8   U.S. Dist. LEXIS 2215 at *29 (noting that "evidence
9   that prior statements were inaccurate "does not mean
10  that [defendant] will suffer any unfair prejudice from
11  [plaintiff's] possession of persuasive evidence").

12      Accordingly, the Court **DENIES** Defendant's Motion *in*
13  *Limine* No. 3 to exclude the Restatement.

14      4.   <u>Defendant's Motion *in Limine* No. 4</u>

15      The Court **GRANTS WITHOUT PREJUDICE** Defendant's
16  Motion *in Limine* Number 4 to exclude the March 29, 2002
17  Investigation Report of the Audit Committee of
18  Homestore.com ("Cahill Report").

19      As noted above, in 2001, Defendant initiated an
20  internal investigation into various accounting
21  practices and transactions at issue here.  The Audit
22  Committee of Homestore's Board of Directors eventually
23  hired outside special counsel from the law firm of
24  Cahill, Gordon and Reindel ("Cahill") and the forensic
25  accounting firm of FTI Simpson to continue this
26  investigation.  Upon completion of this investigation,
27  a report was prepared by Cahill: the Cahill Report.
28  This Report contains a compilation of documents,

including memorandum describing interviews of Homestore
employees, summaries of Homestore's transactions, and
other documents such as wire transfers and agreements.
This Report summarizes the reasons for Homestore's
restatement of revenues associated with a certain
number of its business transactions.  Plaintiff's seek
to admit evidence from this Report regarding the
investigation into the nature of all of Homestore's
revenue transactions during the years 2000 to 2001 and
the final determination of the necessary restatements
to Homestore's financial statements.

Defendant first argues the Cahill Report is
inadmissible under Federal Rule of Evidence 407 because
it is a subsequent remedial measure.  However, the
Court finds that the Cahill Report is not a subsequent
remedial measure under this Rule.  The Report was not
created for the purpose of "improving the procedures
and controls relating to [Homestore's] transaction
system," unlike the audit report in Alimenta (U.S.A.),
Inc. v. Stauffer that was found to be a subsequent
remedial measure under Rule 407. 598 F. Supp. 934, 941
(D.C. Ga. 1984).  Instead, the Report here was made in
response to the alleged improprieties and for the
purposes of investigating the transactions, not to
improve any accounting at Homestore.  As such, the
Report does not constitute a subsequent remedial
measure within the realm of Rule 407. Fed. R. Evid.
407.

However, the Court finds that the Cahill Report contains documents and statements that constitute hearsay.  The Report contains many statements and interviews with unknown individuals, and Plaintiff is seeking to offer evidence from this Report to prove the truth of the matter asserted within these documents: Homestore's and Defendant's past fraudulent practices and activities.  Plaintiff argues this Report falls within the exception under Federal Rule of Evidence 804(6) for a business record.  However, the Court finds that this Report does not meet the requirements in order to constitute a business record pursuant to this Rule.  First, the Court finds that the Cahill Report is not a record of a regularly conducted business activity, as it does not "reflect[] the accounting work done."  <u>Paddack v. Dave Christenson</u> is instructive here.  In <u>Paddack</u>, the trustees of the trust fund suspected that the employer's records were incorrect, and they employed an audit company to perform an audit of the employer's contributions.  745 F.2d 1254, 1256-57 (9th Cir. 1984).  The auditors were requested to determine the extent of the employer's compliance with the agreements, and ultimately the report and summaries in the report asserted that the employers had wrongfully failed to contribute to the funds.  <u>Id.</u> at 1257.  The Ninth Circuit held that the report was not admissible under the business records exception, because it was not made or kept in the

ordinary course of business, as the audit was in response to the suspicion of irregularities. _Id._ at 1258.  Here, the Cahill Report, like the audit report in _Paddick_, was not just a regular audit report. Instead, it was made in response to irregular transactions, and moreover, was likely made in anticipation of and preparation for this current litigation. _Id._  Therefore, the Court finds that the Report was not made in the normal, regular course of business, as required by Federal Rule of Evidence 804(6).

In addition, the Court finds that the Report lacks the requisite indicia of trustworthiness, as at least one individual interviewed during the investigation that ultimately produced the Report later admitted that he had lied during this interview.  _See_ _id._ (noting that in finding the audit report not a business record that "substantial evidence exists that the summaries were untrustworthy .... [for example] the Employer's cross-examination of the accountant supervisor revealed inaccuracies in the audit report").

Moreover, the Court finds that the Cahill Report has not been authenticated pursuant to Federal Rule of Evidence 901.  There are no declarations or other testimony here to authenticate this document, and the Court finds Plaintiff's argument here that the Cahill Report is properly authenticated based on the submitted deposition testimony of Adam Zurofsky and Sally Knutson

is unpersuasive.  This deposition testimony only
authenticates the general scope and description of the
Report, not the two-thousand plus pages of interviews,
memorandum, or items that are being offered by
Plaintiff according to the exhibit list [1203].

As such, the Court **GRANTS WITHOUT PREJUDICE**
Defendant's Motion *in Limine* Number 4 to exclude the
Cahill Report at this time.

5.   Defendant's Motion *in Limine* No. 5

The Court **DENIES** Defendant's Motion *in Limine*
Number 5 to exclude the loss causation and damages
Opinions of Plaintiff's designated expert Jane
Nettesheim ("Nettesheim").

In order for expert testimony to be admissible
under Federal Rule of Evidence 702, it must be
scientifically valid and assist the trier of fact.
United States v. Ginn, 87 F.3d 367, 370 (9th Cir. 1996)
(citing Daubert v. Merrell Dow Pharmaceuticals, 509
U.S. 579, 592-600 (1993).  See also Fed. R. Evid. 702.
Moreover, "under the [Federal Rules of Evidence] the
trial judge must ensure that any and all scientific
testimony or evidence admitted is not only relevant,
but reliable."  Daubert, 509 U.S. at 589.

Defendant argues that Nettesheim's opinions on loss
causation and damages are unreliable and contrary to
law after the Supreme Court's holding in
///
///

18

1  *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336

2  (2005).[1] Specifically, Defendant argues that Nettesheim

3  employs an improper legal standard and premises her

4  damage analysis on the theory of loss causation

5  rejected by the Supreme Court in *Dura*: that price

6  inflation at purchase itself causes damages.

7      The Court finds that Nettesheim's opinions are not

8  contrary to the Supreme Court's holding in *Dura*, as

9  Nettesheim does not base her damage methodology solely

10 on the price of inflation at the time of the stock

11 purchase.  Instead, the expert report shows that

12 Nettesheim uses an event study and regression analysis

13 to determine the effect of the alleged

14 misrepresentations and corrective disclosures on the

15 inflated price of the stock.  As the Supreme Court in

16 *Dura* held that the inflated purchase price *alone* is not

17 sufficient to show loss causation, Defendant's

18 arguments here regarding Nettesheim's methodology and

19 use of inflation are unpersuasive.

20      Moreover, the Court finds that Nettesheim's

21 opinions show the requisite causal nexus between the

22 alleged fraud misrepresentations and the economic loss.

23 *In re DVI, Inc., Sec. Litig.*, 2010 WL 3522090, *12

24

25      [1]  In *Dura*, the Supreme Court held that a private plaintiff
26 who claims securities fraud must prove that the defendant's fraud
   caused an economic loss.  *Id.* at 342. Specifically, the plaintiff
27 must demonstrate a causal connection between the deceptive acts
   that form the basis for the claim of securities fraud and the
28 injury suffered by the plaintiff.  *In re Daou Sys.*, 411 F.3d
   1006, 1025 (9th Cir. 2005).

1   (E.D. Pa. Sept. 3, 2010) (stating that courts require
2   that a loss causation expert explain how the truth of
3   fraudulent behavior was revealed to the market and
4   "link this revelation to a corresponding loss").
5   Specifically, Nettesheim identifies the four corrective
6   disclosures that she explains revealed the truth of
7   Homestore's fraudulent behavior to the market, and also
8   explains how she then used these disclosures in
9   determining the effect of the alleged
10  misrepresentations and omissions on Homestore's stock
11  price.   This is sufficient to show loss causation here,
12  as the Court finds that there is a logical connection
13  between these disclosures and the claim of damages
14  resulting from the underlying fraud.   See In re Vivendi
15  Univ., 634 F. Supp. 2d 352 at 364 (noting that
16  corrective disclosures only need to reveal an aspect of
17  the fraud and that the alleged fraud is not always
18  revealed through one correction).

19      Next, Defendant attacks Nettesheim's report and
20  opinions for failing to take into consideration
21  outside, non-fraud related factors that may have
22  affected the price of the stock.   However, the Court
23  finds these arguments unpersuasive, as Nettesheim's
24  expert report expressly states that her regression
25  analysis distinguishes between loss attributable to
26  alleged fraud and loss attributable to non-fraud
27  related news and events. [Decl. Sterrett in Opposition
28  to Defendant's Motion in Limine No. 5, Exhs. 3, 9-11.]

As a result, Nettesheim makes an attempt to account for other possible causes, and her opinions therefore meet the reliability threshold requirement

Accordingly, Defendant's Motion *in Limine* to exclude Nettesheim's loss causation and damages opinions is **DENIED.**

However, with respect to the issue of Nettesheim's use of the trading model to calculate damages, the Parties both acknowledge that the real data is available here and that they can make estimates with this data and present per-share damages to the jury. Given the potential issues with using a trading model that are outlined in In re Broadcom Corp. Securities Litigation, such as potential for error and questionable accuracy, along with the fact that the data is available here given the prior settlements in this Action, the Court orders that the Parties use a per-share presentation of damages.  2005 WL 1403756 (C.D. Cal. June 3 2005)(holding that per share damages estimate should be used because "the Court can easily use the claims administration process to supply the remaining information to calculate an accurate, reliable total damage figure and payout").

6.   Defendant's Motion *in Limine* No. 6

The Court **DENIES** Defendant's Motion *in Limine* Number 6 to exclude evidence of and reference to Defendant's plea agreement.

Defendant entered into a binding plea agreement

21

1   with the United States Attorney's Office on January 1,

2   2010.   Defendant pled guilty to criminal conspiracy in

3   violation of 18 U.S.C. § 371.[2]

4       First, as the Court may take judicial notice of

5   this plea agreement pursuant to Federal Rule of

6   Evidence 201, the Court finds that general references

7   to the existence of this plea agreement itself are

8   admissible. Fed. R. Evid. 201. <u>See</u> <u>Scholes v. Lehmann</u>,

9   56 F.3d 750, 762 (7th Cir. 1995).

10      Under Federal Rule of Evidence 803(22), "evidence

11  of a final judgment, entered after a trial or upon a

12  plea of guilty, adjudging a person guilty of a crime

13  punishable by death or imprisonment in excess of one

14  year," is admissible "to prove any fact essential to

15  sustain the judgment."   Fed. R. Evid. 803(22).

16      The Court finds that the plea agreement is

17  admissible under Federal Rule of Evidence 803(22), as

18  it meets the above requirements.   Therefore, the plea

19  agreement can be used to prove facts that were

20  essential to sustain the judgment.   Further, courts

21  have held that admissions in a plea agreement

22  constitute non-hearsay party admissions, and therefore

23  the Court finds that the factual admissions in

24  Defendant's plea agreement are admissible on these

25

26      [2] Criminal conspiracy under this statute occurs when "two or
    more persons conspire either to commit any offense against the

27  United States, or to defraud the United States, or any agency
    thereof in any manner or for any purpose, and one or more of such

28  persons do any act to effect the object of the conspiracy...." 18
    U.S.C. § 371.

grounds as well. See Fed. R. Evid. 801(d)(2). See,
e.g., Country Mutual Ins. Co. v. Duncan, 794 F.2d 1211,
1215 (7th Cir. 1986).

Defendant argues that the facts contained in the
plea agreement are not relevant to the determination of
Defendant's liability, claiming that conspiracy to
commit securities fraud is insufficient to state a
claim for Section 10(b).  In the plea agreement,
Defendant admits that he signed 10-Qs on May 15 and
August 14, 2001 that contained false and misleading
representations and omitted material facts regarding
the company's revenue results. [Decl. Privette in
support of Defendant's Motion in Limine No. 6, Exh. A.]
 The Court finds that these admitted facts are relevant
to the issue of whether Defendant made material
misrepresentations with scienter, elements that
Plaintiff must prove to establish a Section 10(b)
violation here.  While Plaintiff is incorrect that this
plea conclusively establishes Defendant's liability
here, as noted in the Court's ruling above on
Plaintiff's Motion in Limine Number 8, the facts
contained in this plea agreement are probative and
relevant to the determination of the outcome here. See
In re Bristol-Myers Squibb Co. Sec. Litig., 586 F.
Supp. 2d 148, 170 (S.D.N.Y. 2008).  See also Palmerin
v. City of Riverside, 794 F.2d 1409, 1414 (9th Cir.
1986).

Defendant stresses that the plea should be excluded

23

under Federal Rule of Evidence 403 because the jury
will be confused and equate a guilty plea of conspiracy
with civil liability.  However, the Court finds this
argument unpersuasive, as cautionary jury instructions
can be used to counter these concerns.  Moreover,
Defendant will also have the opportunity at Trial to
stress that Defendant's guilty plea does not establish
his liability in this civil Action.  Finally, the risk
of prejudice here is not substantial when compared to
other situations in which courts have excluded plea
agreements on prejudicial grounds, such as when the
plea has been withdrawn or when the terms in the
agreement have an "undue tendency to suggest decision
on an improper basis." <u>See, e.g.</u>, <u>U.S. v. Alama</u>, 486
F.3d 1062, 1065 (8th Cir. 2007).

      7.  Defendant's Motion <u>*in Limine*</u> No. 7

The Court **DENIES** Defendant's Motion *in Limine*
Number 7 to exclude opinions and testimony of Ruben A.
Davila ("Davila").  Plaintiff has designated Davila to
testify on the issue of appropriate accounting
standards that a corporate Chief Executive Officer
should adhere to in the management of a public company.

The Court finds that based on Davila's report,
Davila has made the requisite showing that his
testimony and opinions qualify as scientific knowledge
that will assist the trier of fact to understand or
determine a fact in issue in this case.  Specifically,
Davila has provided the requisite information to prove

that his research is legitimately scientific, and has
extensive experience in the area of accounting.
Moreover, an examination of his expert report
illustrates how his opinions are based on his own
research of financial statements relevant to this case
and that his research is legitimately scientific.

   With regard to the relevance inquiry outlined in
Daubert, that requirement is met here.  Plaintiffs
intend to offer Davila's expert testimony to establish
what a CEO should know and do in regards to the
financials of a company.  The Court finds that such
information will assist the jury in this case in
determining the ultimate issue of whether Defendant had
the scienter necessary to establish a violation of
Section 10(b).

   As such, Davila's testimony meets the requirements
set forth in Daubert, and Defendant's Motion *in Limine*
Number 8 to exclude his opinions and testimony is
**DENIED**.

   However, Plaintiff is cautioned that Davila will
not be able to testify to legal conclusions at trial.
See Crow Tribe of Indians v. Raciot, 87 F.3d 1039, 1045
(9th Cir. 1996)(noting that "[e]xperts interpret and
analyze factual evidence.  They do not testify about
the law").  Specifically, Davila is not to be permitted
to state any opinion that Defendant knew or must have
known about alleged accounting improprieties at
Homestore.

8.   Defendant's Motion *in Limine* No. 8

The Court **DENIES** Defendant's Motion *in Limine*
Number 8 to exclude opinions of Alfred E. Osborne
("Osborn").  Osborne is designated to testify regarding
corporate governance, fiduciary duties owed by
corporate officers and whether Defendant met his
fiduciary duties.

The Court finds that Osborne's testimony qualifies
as scientific knowledge that will assist the trier of
fact in understanding or determining a fact in issue in
this case, as Plaintiff has made the requisite showing
as outlined in Daubert to prove that his method is
scientifically reliable.

Moreover, the Court finds that Osborne's opinion
should provide helpful testimony to the jury on the
appropriate standard of behavior a CEO owes its company
and shareholders.  Osborne's testimony with regard to
the standard of behavior would be more probative than
prejudicial and relevant to the issue of corporate
governance which may impact the ultimate issue of this
case of whether Defendant had the scienter necessary to
establish a violation of Section 10(b).

However, as noted above, Plaintiff is cautioned
that Osborne will not be able to testify to legal
conclusions at trial. See Crow, 87 F.3d at 1045.

9.   Defendant's Motion *in Limine* No. 9

The Court **GRANTS** Defendant's Motion *in Limine*
Number 9 to exclude Joseph Shew's "Notes," as

1   Plaintiff's do not oppose this Motion.

2        10.  Defendant's Motion *in Limine* No. 10

3        The Court **DENIES** Defendant's Motion *in Limine*

4   Number 10 to exclude cumulative expert testimony.

5        Defendant moves for an Order stating that Plaintiff

6   may only present testimony of at most one expert on the

7   issue of whether Homestore stock traded on an efficient

8   market and that Plaintiff may only present testimony of

9   at most one expert on the issue of whether Defendant

10  had knowledge of any of the alleged wrongdoing at

11  Homestore.  Plaintiff has designated two expert

12  witnesses to testify on each of these issues.

13       The Court finds that Defendant has not shown that

14  the testimony from Plaintiff's four designated expert

15  witnesses will be cumulative.  The expert reports show

16  that these experts are slated to testify about

17  different issues within these two general subject

18  matters.  Therefore, there is not a substantial risk of

19  prejudice in presenting these experts, nor is there a

20  risk of waste of judicial resources should Plaintiff

21  present all four experts to testify at Trial.

22       Accordingly, the Court **DENIES** Defendant's Motion *in*

23  *Limine* Number 10 to exclude cumulative expert

24  testimony.

25       11.  Defendant's Motion *in Limine* No. 11

26       The Court **GRANTS IN PART AND DENIES IN PART**

27  Defendant's Motion *in Limine* Number 11 to exclude

28  evidence regarding Defendant's stock sales and

1 financial condition.

2     The Court **GRANTS** Defendant's Motion with respect to
3 evidence and reference to Defendant's financial
4 condition.  As noted above, this type of evidence is
5 irrelevant and prejudicial, and Plaintiff does not
6 oppose this request. See In re Global Health Sciences,
7 2007 WL 4591679, *3 (C.D. Cal. August 21,
8 2007)(excluding reference to the defendant's financial
9 condition).  With regard to references to Defendant's
10 stock sales, Plaintiff does not oppose this Motion, and
11 therefore the Court **GRANTS** Defendant's Motion with
12 respect to these references.  However, the Court **DENIES**
13 Defendant's Motion insofar as Defendant requests to
14 exclude references to the amount of stock Defendant
15 held during the Class Period, as this is relevant to
16 the issue of Defendant's motive and scienter during the
17 Class Period.

18     12.  Defendant's Motion *in Limine* No. 12

19     The Court **DENIES** Defendant's Motion *in Limine*
20 Number 12 to prevent the introduction of evidence or
21 references to Lead Plaintiff as "teachers" or a pension
22 fund for "teachers."  The Court finds that Defendant
23 has not sufficiently shown that use of this term will
24 be prejudicial under Federal Rule of Evidence 403.

25     13.  Defendant's Motion *in Limine* No. 13

26     The Court **DENIES** Defendant's Motion *in Limine*
27 Number 13 to prevent references to the Lead Plaintiff
28 and the Plaintiff Class as "victims."

The Court finds that Defendant has not sufficiently shown that use of this term will be prejudicial under Federal Rule of Evidence 403.  <u>See</u> <u>Sears v. PHP of Alabama, Inc. 2006 WL 1223302</u>, *3 (M.D. Ala., May 5, 2006)(denying defendant's motion *in limine* to exclude the word "victim" because defendant did not sufficiently prove the use of this term would be prejudicial).

Therefore, the Court **DENIES** Defendant's Motion *in Limine* Number 13 to prevent references to Plaintiffs as "victims."

14.  <u>Defendant's Motion *in Limine* No. 14</u>

The Court **GRANTS** Defendant's Motion *in Limine* Number 14 to exclude evidence or references regarding unrelated corporate "scandals."

Defendant moves to exclude evidence or references to unrelated corporate "scandals," such as the Enron scandal or the Madoff scheme.  The Court finds that evidence and reference to these unrelated scandals are not relevant to the Action at hand, and any such reference would be prejudicial to Defendant.  <u>See</u> <u>CDX Liquidating Trust ex rel. CDX Liquidating Trustee v. Venrock Associates</u>, 411 B.R. 591, 605-06 (N.D. Ill. 2009).  <u>See also</u> <u>Sabratek Liquidating LLC v. KPMG LLP</u>, 2003 WL 22715820, *6 (N.D. Ill., Nov. 18, 2003)(holding that improper conduct at other firms had little relevance to the defendant's conduct at issue, and any of its probative value was substantially outweighed by

1  the risk of unfair prejudice).

2      Therefore, the Court **GRANTS** Defendant's Motion *in*

3  *Limine* Number 14 to exclude evidence or references

4  regarding unrelated corporate "scandals."

5      However, evidence and references to these past

6  "scandals" are admissible insofar as they are used to

7  provide foundation for Plaintiff's expert witnesses'

8  qualifications, such as their past experiences and

9  work, including work on other corporate "scandals."

10      15.  Defendant's Motion *in Limine* No. 15

11      The Court **DENIES** Defendant's Motion *in Limine*

12  Number 15 to exclude evidence and speculation

13  concerning transactions involving SPD LLC and

14  Translations.com.

15      The Court finds that Defendant has not sufficiently

16  shown that this evidence is irrelevant and prejudicial.

17  Moreover, any concerns over the strength or credibility

18  of Plaintiff's evidence on this issue are better

19  addressed by the trier of fact in the trial setting.

20  See Bado-Sanatana v. Ford Motor Co.,364 F. Supp. 2d 79

21  (D. Puerto Rico, 2005)(noting that issues of

22  credibility are not normally determined in motions *in*

23  *limine*.). See also Pulsipher v. Clark Cty., 2010

24  5437252, *2 (D. Nev., Dec. 27, 2010)(stating that "a

25  motion *in limine* should not be used to ... weigh

26  evidence").

27      Therefore, the Court **DENIES** Defendant's Motion *in*

28  *Limine* Number 15 to exclude evidence and speculation

concerning transactions involving SPD LLC and Translations.com.

16. Defendant's Motion *in Limine* No. 16

The Court **DENIES** Defendant's Motion *in Limine* Number 16 to limit Plaintiff's evidence and arguments to the fourteen transactions identified by Plaintiff in response to the Court's Scheduling Order.

Defendant seeks to limit Plaintiff's evidence and arguments at Trial to the fourteen transactions that were identified by Plaintiff on October 31, 2003, in response to the Court's July 28, 2003 Scheduling Order [253]. The Court finds that this Motion is over-broad in terms of excluding all evidence and arguments except those which pertain to these fourteen transactions. Moreover, Defendant mis-categorizes Plaintiff's identifications here, as Plaintiff identified fourteen categories of transactions, not just fourteen transactions in general, and it should therefore be able to present argument and evidence relating to these disclosed categories.

Accordingly, the Court **DENIES** Defendant's Motion *in Limine* Number 16 to limit Plaintiff's evidence and arguments to the fourteen transactions identified by Plaintiff in response to the Court's Scheduling Order.

17. Defendant's Motion *in Limine* No. 17

The Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion *in Limine* Number 17 to exclude testimony from and evidence relating to parallel

criminal and SEC proceedings, including judgments and
assertions of Fifth Amendment privileges.

Defendant seeks to preclude the admission of
testimony from and evidence and references relating to
the parallel criminal and SEC proceedings that involve
Defendant and other Homestore personnel, including
testimony and judgments in such proceedings, as well as
the fact that the individuals exercised their Fifth
Amendment rights in this and other proceedings.

The Court first **DENIES** this Motion insofar as
Defendant attempts to exclude any and all evidence or
reference to these proceedings, including the
complaints, indictments, and other evidence, as this
request is over-broad and Defendant has not provided
the Court with the specific evidence claimed to be
inadmissible.  See Lopez v. Chula Vista Police Dept.,
2010 WL 6850154, at *7 (S.D. Cal. Feb. 12,
2010)(denying defendants' motion *in limine* on the
grounds it was vague and over-broad).

However, the Court **GRANTS** Defendant's Motion *in
Limine* to exclude the SEC consent judgments insofar as
the judgments are used to establish liability, as
Plaintiff does not oppose this request.

The Court **DENIES** the Motion insofar as it seeks to
exclude any third-party plea agreements related to this
Action.  Plea agreements from third parties have been
admitted to prove the facts that are contained therein.
See, e.g., In re Slatkin, 310 B.R. 740, 744-45 (C.D.

Cal. 2004); <u>Scholes v. Lehmann</u>, 56 F.3d 750, 762 (7th
Cir. 1995).  Defendant mainly argues here that these
plea agreements are not probative and highly
prejudicial.  However, the plea agreements have not
been provided to the Court, and therefore the Court
cannot make a determination at this point in time as to
the relevancy and potential prejudicial effect of the
plea agreements.

Furthermore, the Court **DENIES** this Motion insofar
as Defendant seeks to preclude all former testimony
from Defendant's 2006 criminal proceeding.  The Court
finds that this Motion is pre-mature, as it is unclear
at this point whether the former testimony meets the
requirements set forth under Federal Rule of Evidence
804(b) for admitting former testimony.  Fed. R. Evid.
804(b). <u>See</u> <u>Ind. Ins. Co. v. Gen. Elec. Co.</u>, 326 F.
Supp. 2d 844, 846 (N.D. Ohio 2004)(noting that to
exclude evidence on a motion *in limine*, "the evidence
must be inadmissible on all potential grounds").

As the Parties agree that references to past Fifth
Amendment invocations should be excluded, the Court
**GRANTS** Defendant's Motion *in Limine* with respect to
this request.

Therefore, the Court **GRANTS IN PART AND DENIES IN
PART** Defendant's Motion *in Limine* Number 17 to exclude
testimony from and evidence relating to parallel
///
///

33

criminal and SEC proceedings, including judgments and assertions of Fifth Amendment privileges.

DATED: January 25,2011

**IT IS SO ORDERED.**

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge