**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>Homestore.com, Inc.<br>Securities Litigation<br><br>This Document Relates To:<br><br>All Actions | Master File No.<br>CV 01-11115 RSWL (CWx)<br><br>**ORDER Re: Defendant's Motion for Judgment [1368]** |

On April 20, 2011, Defendant Stuart H. Wolff's ("Defendant") Motion for Judgment came before this Court for regular calendar [1368]. After considering all papers and arguments submitted, the Court **NOW FINDS AND RULES AS FOLLOWS:**

The Court **DENIES** Defendant's Motion for Judgment. Specifically, the Court finds that Defendant has not sufficiently shown here that he is entitled to an entry of Final Judgment in his favor.

However, the Court finds that neither Defendant nor

Plaintiff have submitted a proper Proposed Judgment to this Court in this Action. As such, the Court orders the Parties to submit a Judgment that adheres to the findings by the Court regarding the following areas of contention between the Parties:[1]

1. Calculation Of Damages

First, the Court finds that the total amount of damages for which Defendant can be liable to the Plaintiff Class should be calculated by applying the per-share losses that the jury found to be caused by the five challenged statements for which Defendant is legally liable,[2] challenged statements numbers 14, 16, 17, 18, and 21, to the shareholder transaction data provided by the Claims Administrator.

Plaintiff contends that the total amount of damages here should instead be calculated based on the total price inflation on the days for which Defendant was found liable by the jury, relying on the argument that earlier misstatements and omissions were essentially incorporated into Defendant's misrepresentations, and that therefore the cumulative price inflation must be taken into account. However, the Court finds this argument unpersuasive, as under the Private Securities

---

[1] The Court finds that the other issues and arguments raised by the Parties in this Motion were not sufficiently discussed, and therefore will not be addressed at this point in time.

[2] The Parties agree that based on the jury's findings in the Special Verdict Form [1363], Defendant is legally liable for challenged statements numbers 14, 16, 17, 18 and 21.

2

Litigation Reform Act of 1995 ("PSLRA") and applicable case law, Defendant can only be liable for those losses that were caused by the statements for which Defendant was found legally liable. See 15 U.S.C. § 78u-4(b); Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 341 (2005). Plaintiff's method here would instead effectively impose liability on Defendant for losses stemming from statements that Defendant is not legally liable for based on the jury's findings.[3]

As such, the Court finds that Defendant's method of calculating the total amount of damages on this per-share basis is controlling pursuant to the PSLRA, and should be used in order to calculate the total amount of damages for which Defendant is liable here.

### 2. The Proportionate Offset For Challenged Statements Numbers 17 And 18

The Court also finds that based on the jury's findings with regard to challenged statements numbers 17 and 18, Defendant is jointly and severally liable for these two statements.

---

[3] For example, Plaintiff's method would hold Defendant liable for losses and damages stemming from statements that the jury found to be forward-looking statements made with meaningful cautionary language, as well as for statements found to be forward-looking statements that were made recklessly, when the PSLRA instead sets forth that "a forward-looking statement cannot be the basis for [section] 10b liability if either the forward-looking statement is accompanied by meaningful cautionary language, or the plaintiff fails to prove that the person making the statement made it with actual knowledge that the statement was false and misleading." In re Splash Tech. Holdings, Inc. Sec. Litig., 160 F. Supp. 2d 1059, 1068 (N.D. Cal. 2001).

The PSLRA specifically sets forth that "[a]ny covered person against whom a final judgment is entered in a private action shall be liable for damages jointly and severally only if the trier of fact specifically determines that such covered person knowingly committed a violation of the securities laws." 15 U.S.C. § 78u-4(f)(2)(A).[4]  Therefore, the PSLRA "restricts joint and several liability to persons who knowingly violate the [Securities] Act." Laperriere v. Vesta Ins. Grp., Inc., 526 F.3d 715, 720 (11th Cir. 2008). See also Regents of Univ. of California v. Credit Suisse First Boston (USA), Inc., 482 F.3d 372 (5th Cir. 2007) (noting that "if the defendant knowingly violated Section 10(b), it could be jointly and severally liable ... even if those investors were also harmed by the conduct of other participants in the scheme).

Here, the jury found that with respect to challenged statements numbers 17 and 18, Defendant made each of these statements knowing that they were materially false.  As such, pursuant to the PSLRA, the Court finds that Defendant's proportionate liability as to these two statements can be 100%.

### 3. The Amount Of The Settlement Offsets

Next, the Court finds that the settlement offsets

---

[4] If a covered person is not found to have knowingly committed a violation of the securities laws, then he or she "shall be liable solely for the portion of the judgment that corresponds to the percentage of responsibility of that covered person" as set forth under paragraph three of this provision. 15 U.S.C. § 78u-4(f)(2)(B)(i).

4

here under the PSLRA should be applied based on the amount paid by the settling Defendants to the Plaintiff Class as a whole.

Under the PSLRA, where there has been a settlement prior to a final verdict or judgment, "the verdict or judgment shall be reduced" by "the amount paid to the plaintiff by that covered person."[5] 15 U.S.C. § 78u-4(f)(7)(B).

Plaintiff asserts here that it is inappropriate to apply this offset with respect to the Plaintiff Class as a whole, and that instead the settlement offsets should be viewed on an individual claimant-by-claimant basis based on the gross amount of recovery by each claimant. However, the Court finds this argument unpersuasive, as the prior settlements in this Action were entered into and made on behalf of the Plaintiff Class as a whole, not with each individual member of the Class, and the settling Defendants paid the settlement amounts to the Class as a whole.[6] See Gerber

---

[5] Specifically, the statute provides that,
   [i]f a covered person enters into a settlement with the
   plaintiff prior to final verdict or judgment, the verdict or
   judgment shall be reduced by the greater of--
      i)   an amount that corresponds to the percentage of
           responsibility of that covered person; or
      ii)  the amount paid to the plaintiff by that covered
           person.
15 U.S.C. § 78u-4(f)(7)(B).

[6] The Court also finds that Plaintiff's reliance here on this Court's January 25, 2011 Motion *in Limine* Order is misplaced. In this Order, the Court directed the Parties on how to calculate damages for purposes of presenting damages to the jury at Trial, and did not address the issue of how to calculate

5

v. MTC Elec. Techs. Co., Ltd., 329 F.3d 297, 303 n.2 (2d Cir. 2003); In re Masters Mates & Pilots Pension Plan & IRAP Litig., 957 F.2d 1020, 1031 (2d Cir. 1992)(noting in discussing settlement offsets that "a nonsettling defendant is entitled to a judgment reduction at least in the amount of a prior settlement"). See, e.g., Decl. of Howard M. Privette, Ex. D.

As the PSLRA specifically states that Defendant is entitled to an offset of the "amount paid to the plaintiff," the Court finds that Defendant's arguments here are more persuasive and the settlement offsets here should be applied based on the amount paid by the settling defendants to the Class as a whole.[7] 15 U.S.C. § 78u-4(f)(7)(B).

4. The Valuation Of The Homestore.com Stock

The Court **GRANTS** Defendant's Request for Judicial Notice of the fact that the closing price of the stock of Homestore.com, Inc. ("Homestore") (n/k/a Move, Inc.) on March 16, 2004 was $3.90 pursuant to Federal Rule of

---

the amount of the settlement offsets after the return of a verdict [1301]. As such, the Court finds that its January 25, 2011 Order does not necessitate a finding here that the settlement offsets must be calculated on a claimant-by-claimant basis.

[7] Defendant raises the issue of whether the settlement between Defendant and the Securities and Exchange Commission ("SEC") should be included here as part of the settlement offsets under the PSLRA. However, the Court finds that this issue need not be addressed at this time as a result of the findings contained in this Order.

Evidence 201. Fed. R. Evid. 201.

The Court finds that March 16, 2004, the date of the Court's Final Approval of the settlement between the Plaintiff Class and Homestore [390], is the proper date by which to measure the value of the shares of Homestore stock recovered by the Plaintiff Class in this settlement. See Miller v. Mackey Int'l, Inc., 515 F.2d 241, 242 (5th Cir. 1975).

Therefore, in calculating the total amount of the settlement between Homestore and the Plaintiff Class for purposes of the PSLRA's settlement offset provision here, the value of the Homestore stock is to be calculated by multiplying the 20 million shares of Homestore stock that was included as part of this settlement by the closing price of Homestore's stock on this March 16, 2004 date, $3.90.

DATED: April 22, 2011

**IT IS SO ORDERED.**

/s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge