O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>HOMESTORE.COM, INC.<br>SECURITIES LITIGATION<br><br>                Plaintiff,<br><br><br>This Document Relates<br>To:<br><br>All Actions | Master File No.<br>CV 01-11115-RSWL (CWx)<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE REGARDING TIME WARNER INC.** |

    This matter has come before the Court to determine whether there is any cause why this Court should not approve the Settlement ("Settlement") set forth in the Stipulation of Settlement and Settlement Agreement with Time Warner Inc ("Time Warner") dated as of May 14, 2007 ("Stipulation") relating to the above captioned litigation. The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the Settlement should be approved and (2) that there is no just reason for delay of the entry of this Final Judgment approving this settlement. Accordingly,

the Court directs entry of Judgment, which shall constitute final adjudication of this Litigation on the merits as to the parties to the Settlement. Good cause appearing therefore, it is hereby:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of this litigation, all parties to this litigation, and over the parties to the Stipulation, including all members of the Class, Time Warner, and the Released Time Warner Parties.

2. The definitions and terms set forth in the Stipulation are incorporated hereby as though fully set forth in this Judgment.

3. The Court hereby finally approves and confirms the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Settlement was negotiated at arm's length and in good faith and that the parties complied with the requirements of Rule 11.

4. This Court hereby dismisses on the merits and with prejudice the Action in favor of Time Warner, with Time Warner to bear its own costs and attorneys' fees.

5. The Released Time Warner Parties (as defined in the Stipulation) are hereby and forever released and discharged with respect to any and all claims or causes of action that the Lead Plaintiff and Members of the

1 Class had or have arising out of or related to any of
2 the Settled Claims as defined in the Stipulation.
3     6. The Court has considered and approves the Bar
4 Order language proposed in the Stipulation as follows:
5     a. All claims for contribution and
6        indemnification, however denominated,
7        against Released Time Warner Parties
8        arising under the federal securities laws,
9        state law, or common law with respect to
10        the events that are the subject of the
11        Action, in favor of the persons, including
12        but not limited to the Individual
13        Defendants, Dismissed Defendants and Other
14        Settling Defendants in this Action who are
15        alleged to be responsible for or jointly
16        responsible with Released Time Warner
17        Parties in any manner in the Settled
18        Claims and based upon liability for, or
19        arising out of or relating in any way to,
20        the Settled Claims are extinguished,
21        discharged, barred, satisfied and/or
22        otherwise unenforceable.
23     b. All persons, including but not limited
24        to the Individual Defendants,
25        Dismissed Defendants and Other
26        Settling Defendants, are hereby barred
27        and permanently enjoined, to the
28        fullest extent allowed by law, from

|   |   |
|---|---|
| 1 | asserting, instituting or prosecuting |
| 2 | in any capacity, before any court or |
| 3 | governmental agency, any action or |
| 4 | proceeding against Released Time |
| 5 | Warner Parties for equitable, partial, |
| 6 | comparative, or complete contribution, |
| 7 | subrogation, or indemnity, however |
| 8 | denominated, based upon liability for, |
| 9 | or arising out of or relating in any |
| 10 | way to the Settled Claims, and the |
| 11 | Court finds that all such claims are |
| 12 | extinguished, discharged, satisfied |
| 13 | and made unenforceable. |
| 14 | c. All claims by Released Time Warner |
| 15 | Parties for contribution and |
| 16 | indemnification, however denominated, |
| 17 | arising under the federal securities |
| 18 | laws, state law or common law with |
| 19 | respect to the events that are the |
| 20 | subject of the Actions, against any |
| 21 | person (including but not limited to |
| 22 | the Individual Defendants, Dismissed |
| 23 | Defendants and Other Settling |
| 24 | Defendants in this Action) other than |
| 25 | a person whose liability has been |
| 26 | extinguished by the settlement of |
| 27 | Released Time Warner Parties, and |
| 28 | based upon liability for, or arising |

|   |   |   |
|---|---|---|
| 1 |  | out of or relating in any way to, the |
| 2 |  | Settled Claims are extinguished, |
| 3 |  | discharged, barred, satisfied and/or |
| 4 |  | otherwise unenforceable. |
| 5 | d. | Pursuant to 15 U.S.C. §78u-4(f)(7)(B), |
| 6 |  | if there is a final verdict or |
| 7 |  | judgment against any non-settling |
| 8 |  | defendant in this Action, the verdict |
| 9 |  | of judgment shall be reduced by the |
| 10 |  | greater of: (a) an amount that |
| 11 |  | corresponds to the percentage of |
| 12 |  | responsibility of Released Time Warner |
| 13 |  | Parties; or (b) the amount paid to for |
| 14 |  | the benefit of the Plaintiff Class by |
| 15 |  | Time Warner. |
| 16 | e. | The remaining portions of 15 U.S.C. |
| 17 |  | §78u-4(f) on proportionate liability |
| 18 |  | shall apply hereto where applicable. |

    7.  The notice given to the Class of the Settlement set forth in the Stipulation and the other matters set forth herein was the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable efforts. Said notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons entitled

to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and the requirements of due process.

8. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by the Representative Plaintiff for reimbursement of expenses related to Claims Administration, including expert fees and costs, and interest; (d) the Class Actions until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties has been performed pursuant to the Stipulation; (e) hearing and ruling on any issues concerning the proposed Plan of Allocation of settlement proceeds; (f) any application by Lead Counsel for attorneys' fees and/or reimbursement of expenses; and (g) all parties to the Class Actions and the Stipulation  for the purpose of enforcing and administering the Stipulation and Exhibits thereto and the mutual releases and other documents contemplated by, or executed in connection with, the Stipulation.

9. In the event that the Settlement does not become effective in accordance with the terms of the

Stipulation, then this Judgment will be rendered null and void and will be vacated and in such event, all orders entered and releases delivered in connection herewith will be null and void, and the parties will be returned to their respective positions ex ante.

10. The Court finds, pursuant to Rule 54(a) and (b) of the Federal Rules of Civil Procedure, that this Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a final judgment as to the parties to the Stipulation. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith.

**IT IS SO ORDERED.**

DATED: August 30, 2011.

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge